In the Matter of the **CENTRAL RAILROAD COMPANY OF NEW JERSEY**, Debtor.
**The Lehigh Coal and Navigation Company, Appellant.**
No. 17544.

United States Court of Appeals
Third Circuit.
Argued March 27, 1969.
Decided June 18, 1969.

Owen B. Rhoads, Dechert, Price & Rhoads, Philadelphia, Pa., (Charles Danzig, Newark, N. J., Richard R. Rulon, Philadelphia, Pa., of counsel: Riker, Danzig, Scherer & Brown, Newark, N. J. on the brief), for appellant.

Charles J. Milton, Milton, Keane & DeBona, Jersey City, N. J., (William F. Tuohey, Jersey City, N. J., on the brief), for appellee.

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from a district court order granting the Trustee for Central Railroad Company of New Jersey (Debtor) authority to appoint, subject to approval by the Interstate Commerce Commission (Commission), Mr. Clarence Jackman as Chief Operating Officer of the Debtor's estate.

The Debtor is an interstate rail carrier, operating under a Plan of Reorganization approved by the district court pursuant to 11 U.S.C.A. § 205. The present Trustee for the Debtor was appointed by the district court with the approval of the Commission. He thereafter petitioned the district court for the authority under review here. The petition alleged that Jackman was Assistant Vice President of Operations for Baltimore & Ohio Railroad (B & O) and Chesapeake and Ohio Railway (C & O). It recited that Mr. Jackman was currently on the payroll of the B & O and would so continue for the reason that Debtor does not have a funded pension plan. However, it further recited that B & O will be fully reimbursed by the Debtor for all salary payments made to Jackman.

The appellant, Lehigh Coal and Navigation Company (appellant), a substantial creditor of the Debtor, intervened in the reorganization proceedings and filed an answer opposing the Trustee's petition seeking authority to employ Mr. Jackman. A hearing was held on the

Trustee's petition at which both the Trustee and Mr. Jackman testified.

Appellant argued at the hearing that because of Mr. Jackman's long connection with B & O and certain other railroads, there is a potential both for favoritism and divided loyalties at the expense of the Debtor and other independent competing lines, some of whom are creditors of the Debtor. It asserted further that Mr. Jackman will be on both sides of the bargaining table in connection with the negotiations between the Trustee and officials of C & O, B & O and Norfolk and Western (N & W) regarding the inclusion of the Debtor in either the present C & O-B & O system or the proposed C & O-B & O-N & W system. Finally, it suggested that he may influence the dispute between the Debtor, the B & O and other roads as to whether the Debtor is receiving its share of the freight revenue generated in its official territory.

The district court did not file an opinion but entered an order, dated August 21, 1968, authorizing the Trustee to engage Mr. Jackman as Chief Operating Officer, conditioned upon the Commission's approval pursuant to § 20a (12) of the Interstate Commerce Act (49 U. S.C.A. § 20a (12)). That section, which imposes criminal sanctions for violators, provides in pertinent part:

"Restrictions on actions of officers and directors; penalty

"(12) It shall be unlawful for any person to hold the position of officer or director of more than one carrier, unless such holding shall have been authorized by order of the commission, upon due showing, in form and manner prescribed by the commission, that neither public nor private interests will be adversely affected thereby."

■ On September 4, 1968, Mr. Jackman applied to the Commission for authority to hold the position of officer of the Debtor. The petition and order of the district court as well as the transcript of the district court proceedings were submitted to the Commission.

Prior to action by the Commission, and on September 18, 1968, appellant filed the notice of appeal of the district court's order of August 21, 1968. A few days later the Commission entered an ex parte order authorizing Mr. Jackman to hold the position of Chief Operating Officer of the Debtor. Appellant then filed a petition with the Commission for leave to intervene for the purpose of filing a petition for reconsideration of the Commission's order, a copy of the latter petition being appended. Mr. Jackman filed a reply and the Commission thereafter entered an order granting appellant leave to intervene but denying its petition for reconsideration. We of course do not have jurisdiction to review the Commission's order.

■ Appellant contends first that the district court was without jurisdiction to grant the Trustee's petition. It points out that Congress prohibited the holding of certain offices in more than one carrier unless authorized by the Commission under 49 U.S.C.A. § 20a (12) and further that "[T]he jurisdiction conferred upon the commission by this section shall be exclusive and plenary * * *". 49 U.S.C.A. § 20a(7). On the basis of these statutory provisions appellant argues that approval of Jackman's employment by the Debtor should first have been sought from the Commission and relies primarily upon Smith v. Hoboken R. R. Warehouse, 328 U. S. 123, 66 S.Ct. 947, 90 L.Ed. 1123 (1946) and Thompson v. Texas Mexican Ry., 328 U.S. 134, 66 S.Ct. 937, 90 L. Ed. 1132 (1946). Those cases only held that because of the subject matter involved the district court was not permitted to make a final decision until the Commission had an opportunity to pass upon the issues primarily for its consideration and decision. We do not find the order entered by the district court to be inconsistent with the above Supreme Court cases. Its approval of the Trustee's request to employ Mr. Jackman was conditioned upon approval by the Commisssion and therefore constitutes explicit and binding deference to the

Commission's authority. Appellant does not deny that the Trustee was required at some stage to secure the approval of the district court before Mr. Jackman could be employed. Its argument thus reduces itself to the claim that the petition was prematurely presented. Under these circumstances to require that the request to the Commission precede the application to the district court would be to exalt form over substance. We therefore conclude that the district court did have jurisdiction under 11 U.S.C.A. § 205 to enter the order involved.

Appellant next contends that, in any event, the district court abused its discretion in authorizing the Trustee to employ Mr. Jackman. Appellant bases its argument on Mr. Jackman's alleged dual and conflicting interests and divided loyalties. The Trustee counters with the argument that under 49 U.S.C.A. § 20a (7) and (12), noted above, the resolution of these issues involved a fact question coming within the primary jurisdiction of the Commission and the district court properly left the conflict of interest issue for Commission determination.

Since the district court possesses the jurisdiction to authorize a trustee for an interstate rail carrier to employ executive personnel, we believe it necessarily possesses the right to satisfy itself that the grant of such authority is proper. Because the district court did not indicate the basis of its ruling, we do not know whether the court conditioned its order upon Commission approval in the exercise of sound discretion or in the belief that it was required to do so under the doctrine of primary jurisdiction. We need not decide whether the doctrine of primary jurisdiction applies, as the trustee contends, because, in any event, the court's action can be justified as an exercise of its sound discretion. We say this because Commission approval was admittedly required and because the issues raised by appellant, relating to conflict of interest, are matters of particular and necessary concern to the Commission in deciding whether to give its approval under 49 U.S.C.A. § 20a(12).

Even if we were to assume, as appellant's argument suggests, that the district court had an independent duty to evaluate the conflict of interest issue in determining whether or not to authorize the employment, we would not reverse the district court's order. It is our view that, considering the terms of employment, court authorization was justified upon the record before us.

The order of the district court will be affirmed.